# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEXTER LEEMON JOHNSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 10-107-RAW-KEW** |
| ) | |
| **RANDALL WORKMAN, Warden,** ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, attacks his conviction in Muskogee County District Court Case Number CF-94-995 for Shooting with Intent to Kill.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized

by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that petitioner was convicted in Muskogee County District Court on April 15, 1996, and the conviction was affirmed on April 22, 1997. *Johnson v. State*, No. F-96-482 (Okla. Crim. App. Apr. 22, 1997). His conviction became final on July 21, 1997, at the conclusion of the 90-day period for filing a petition for certiorari to the United States Supreme Court. *See* Sup. Ct. R. 13. Therefore, the deadline for filing this petition was July 21, 1998, one year from expiration of the time to file a certiorari appeal to the Supreme Court. This petition, filed on March 29, 2010, was untimely.

Pursuant to 28 U.S.C. § 2244(d)(2), the federal courts are required to toll time spent in state court post-conviction litigation and state collateral proceedings. Petitioner's post-conviction proceedings did not begin until April 22, 1999, after the habeas filing deadline had passed, so there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). Furthermore, petitioner's previous habeas corpus action, CIV-2002-668-JHP-KEW, filed in this court on November 26, 2002, had no effect on the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 172-82 (2001) (holding that the pendency of a prior federal habeas action did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2)).

The respondent also asserts this petition is successive, because of petitioner's previous habeas corpus petition, which was dismissed by this court as time barred. *See Johnson v. Fatkin*, No. CIV 2002-668-JHP-KEW (E.D. Okla. June 24, 2003). "When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the circuit court of appeals], the district court may transfer the matter to [the circuit] court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *See In re Cline*, 531 F.3d 1249, 1252 (2008). Here, the court finds it would be a waste of judicial resources to require the transfer of this frivolous, time-barred case. *See Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999).

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #9] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 27th day of July 2011.

Ronald A. White
United States District Judge
Eastern District of Oklahoma